## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Digital Cache, LLC,**  Plaintiff,  v.  **ADATA Technology Co., Ltd.,**  Defendant. | Case No. 6:21-cv-584  Patent Case  Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Digital Cache, LLC ("Plaintiff"), through its attorneys, complains of ADATA Technology Co., Ltd. ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Digital Cache, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 555 Republic Dr, 2nd Floor, Plano, Texas 75074.

3. Defendant ADATA Technology Co., Ltd. is a corporation organized and existing under the laws of Taiwan that maintains an established place of business at 18 F, No. 258, Liancheng Rd., New Taipei City , 23553, Taiwan.

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,851,015; 6,956,738; 7,312,982; and 7,440,274 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '015 PATENT

9. The '015 Patent is entitled "Method of overwriting data in nonvolatile memory and a control apparatus used for the method," and issued 2005-02-01. The application leading to the '015 Patent was filed on 2002-05-20. A true and correct copy of the '015 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '738 PATENT

10. The '738 Patent is entitled "Digital storage element mechanical shock isolation arrangement in a host device and method," and issued 2005-10-18. The application leading to the

'738 Patent was filed on 2004-02-11. A true and correct copy of the '738 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '982 PATENT

11.     The '982 Patent is entitled "Digital storage element mechanical shock isolation arrangement in a host device and method," and issued 2007-12-25. The application leading to the '982 Patent was filed on 2005-04-28. A true and correct copy of the '982 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### THE '274 PATENT

12.     The '274 Patent is entitled "Digital storage element mechanical shock isolation arrangement in a host device and method," and issued 2008-10-21. The application leading to the '274 Patent was filed on 2007-12-25. A true and correct copy of the '274 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '015 PATENT

13.     Plaintiff incorporates the above paragraphs herein by reference.

14.     **Direct Infringement**. Defendant directly infringed one or more claims of the '015 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '015 Patent also identified in the charts incorporated into this Count below (the "Exemplary '015 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '015 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '015 Patent Claims, by having its employees internally test and use these Exemplary Products.

16. Exhibit 5 includes charts comparing the Exemplary '015 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '015 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '015 Patent Claims.

17. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

18. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '738 PATENT

19. Plaintiff incorporates the above paragraphs herein by reference.

20. **Direct Infringement**. Defendant directly infringed one or more claims of the '738 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '738 Patent also identified in the charts incorporated into this Count below (the "Exemplary '738 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '738 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

21. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '738 Patent Claims, by having its employees internally test and use these Exemplary Products.

22. Exhibit 6 includes charts comparing the Exemplary '738 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '738 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '738 Patent Claims.

23. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '982 PATENT

25. Plaintiff incorporates the above paragraphs herein by reference.

26. **Direct Infringement**. Defendant directly infringed one or more claims of the '982 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '982 Patent also identified in the charts incorporated into this Count below (the "Exemplary '982 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '982 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

27. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '982 Patent Claims, by having its employees internally test and use these Exemplary Products.

28. Exhibit 7 includes charts comparing the Exemplary '982 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '982 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '982 Patent Claims.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 4: INFRINGEMENT OF THE '274 PATENT

31. Plaintiff incorporates the above paragraphs herein by reference.

32. **Direct Infringement**. Defendant directly infringed one or more claims of the '274 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '274 Patent also identified in the charts incorporated into this Count below (the "Exemplary '274 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '274 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

33. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '274 Patent Claims, by having its employees internally test and use these Exemplary Products.

34. Exhibit 8 includes charts comparing the Exemplary '274 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '274 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '274 Patent Claims.

35. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

36. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

37. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '015 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '015 Patent;

C. A judgment that the '738 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly one or more claims of the '738 Patent;

E. A judgment that the '982 Patent is valid and enforceable

F. A judgment that Defendant has infringed directly one or more claims of the '982 Patent;

G. A judgment that the '274 Patent is valid and enforceable

H. A judgment that Defendant has infringed directly one or more claims of the '274 Patent;

I. An accounting of all damages not presented at trial;

J. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '015; '738; '982; and '274 Patents.

K. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 8, 2021              Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Digital Cache, LLC**